UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ANDERSON, and SHAWN DOLIFKA, individually and on behalf of all other persons similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>TETHER HOLDINGS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, TETHER OPERATIONS LIMITED, IFINEX INC., BFXNA INC., and BFXWW INC.,<br><br>　　　　　　　　　Defendants. | Case No. 21 Civ. 10613 (ALC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANTS' MOTION TO DISMISS</u>**

Michael Jason Lee (*pro hac vice*)
LAW OFFICES OF MICHAEL
JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
(858) 550-9984

Maeve L. O'Connor
Elliot Greenfield
Melanie Burke
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., BFXNA Inc. and BFXWW Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.      PLAINTIFFS LACK ARTICLE III STANDING. ............................................................. 2

       A.     Plaintiffs Fail to Plead an Injury-in-Fact. ............................................................... 2

       B.     Plaintiffs Lack Standing to Pursue Declaratory or Injunctive Relief. .................... 5

II.     PLAINTIFFS FAIL TO STATE A CLAIM. ..................................................................... 6

       A.     Plaintiffs Fail to Plead Injury. .................................................................................. 6

       B.     Plaintiffs Fail to Plead an Express or Implied Contract with Defendants. ............. 6

       C.     Plaintiffs Do Not State a Claim for Unjust Enrichment. ........................................ 8

       D.     Plaintiffs Fail to State a Claim Under GBL § 349. ................................................. 9

             1.     Plaintiffs Fail to Plead Injury. ...................................................................... 9

             2.     Plaintiffs Fail to Plead Causation. ............................................................... 9

             3.     Plaintiffs Fail to Allege a Timely Purchase of USDT. ............................. 10

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Berni v. Barilla S.p.A.*,
    964 F.3d 141 (2d Cir. 2020) ................................................................................................. 1, 5

*Cohen v. BMW Invs. L.P.*,
    144 F. Supp. 3d 492 (S.D.N.Y. 2015), *aff'd*, 668 F. App'x 373 (2d Cir. 2016) ....................... 8

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (2012) .............................................................................................................. 10

*Cox v. Microsoft Corp.*,
    8 A.D.3d 39 (1st Dep't 2004) ................................................................................................... 9

*Ebin v. Kangadis Food Inc.*,
    2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ........................................................................... 3

*Ganino v. Citizens Utils. Co.*,
    228 F.3d 154 (2d Cir. 2000) ..................................................................................................... 3

*Georgia Malone & Co. v. Rieder*,
    19 N.Y.3d 511 (2012) ............................................................................................................... 8

*Haft v. Haier US Appliance Sols., Inc.*,
    2022 WL 62181 (S.D.N.Y. Jan. 5, 2022) ................................................................................. 5

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP
    v. Matthew Bender & Co., Inc.*,
    172 A.D.3d 405 (1st Dep't 2019) ............................................................................................. 9

*Holsworth v. BProtocol Foundation*,
    2021 WL 706549 (S.D.N.Y. Feb. 22, 2021) ............................................................................. 3

*Hughes v. Ester C Co.*,
    930 F. Supp. 2d 439 (E.D.N.Y. 2013) ...................................................................................... 9

*In re AOL Time Warner Inc. Secs. & "ERISA" Litig.*,
    381 F. Supp. 2d 192 (S.D.N.Y. 2004) ....................................................................................... 3

*In re Merrill, BofA, & Morgan Stanley Spoofing Litig.*,
    2021 WL 827190 (S.D.N.Y. Mar. 4, 2021) .............................................................................. 8

*In re VimpelCom, Ltd.*,
    2016 WL 5390902 (S.D.N.Y. Sept. 26, 2016) .......................................................................... 3

*INV Accelerator, LLC v. MX Techs., Inc.*,
   2020 WL 882902 (S.D.N.Y. Feb. 24, 2020) ................................................................. 8

*Jackson v. Fed. Express*,
   766 F.3d 189 (2d Cir. 2014) ....................................................................................... 9

*Jesmer v. Retail Magic, Inc.*,
   55 A.D.3d 171 (2d Dep't 2008) .................................................................................. 7

*John v. Whole Foods Mkt. Grp.*,
   858 F.3d 732 (2d Cir. 2017) ....................................................................................... 4

*Levine v. Atricure, Inc.*,
   508 F. Supp. 2d 268 (S.D.N.Y. 2007) ........................................................................ 3

*Mancuso v. RFA Brands, LLC*,
   454 F. Supp. 3d 197 (W.D.N.Y. 2020) ....................................................................... 4

*McCabe v. ConAgra Foods, Inc.*,
   681 F. App'x 82 (2d Cir. 2017) .................................................................................. 7

*Morrell v. WW Int'l, Inc.*,
   551 F. Supp. 3d 173 (S.D.N.Y. 2021) ........................................................................ 4

*Morrow v. Ann Inc.*,
   2017 WL 363001 (S.D.N.Y. Jan. 24, 2017) ............................................................... 4

*Myun-Uk Choi v. Tower Research Cap. LLC*,
   890 F.3d 60 (2d Cir. 2018) ......................................................................................... 8

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   693 F.3d 145 (2d Cir. 2012) ....................................................................................... 3

*O'Neill v. Standard Homeopathic Co.*,
   346 F. Supp. 3d 511 (S.D.N.Y. 2018) ........................................................................ 4

*Ostojic v. Life Med. Techs., Inc.*,
   201 A.D.3d 522 (1st Dep't 2022) ............................................................................... 6

*Quintanilla v. WW Int'l, Inc.*,
   541 F. Supp. 3d 331 (S.D.N.Y. 2021) .................................................................... 4, 5

*Schuler v. NIVS Intellimedia Tech. Grp., Inc.*,
   2013 WL 944777 (S.D.N.Y. Mar. 12, 2013) .............................................................. 3

*Schwab v. E*Trade Fin. Corp.*,
   285 F. Supp. 3d 745 (S.D.N.Y.), *aff'd*, 752 F. App'x 56 (2d Cir. 2018) ................. 10

*Small v. Lorillard Tobacco Co.*,
    94 N.Y.2d 43 (1999) .................................................................................................... 9

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ..................................................................................................... 5

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ................................................................................................. 4

*Turk v. Rubbermaid Inc.*,
    2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ............................................................... 5

*Wai Chu v. Samsung Elecs. Am., Inc.*,
    2020 WL 1330662 (S.D.N.Y. Mar. 23, 2020) ............................................................. 5

Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint.[1]

## PRELIMINARY STATEMENT

The Opposition makes clear that Plaintiffs do not – and cannot – plead a concrete injury and therefore fail to plead Article III standing and fail to state a claim. Plaintiffs do not dispute that the sole purpose of USDT – a stablecoin pegged to the U.S. dollar – is to maintain a stable market price of $1 or that USDT has maintained a market price of $1. Indeed, Plaintiffs do not dispute that, to this very day, they can receive $1 for any USDT they still own. In the absence of a decline in the market price of USDT, Plaintiffs have no injury, and the Court should dismiss the Complaint, without leave to amend, on this basis alone.

Plaintiffs' repeated assertion in the Opposition that they would not have purchased USDT had they known of the purported misrepresentations does not support standing, as it does not indicate that Plaintiffs suffered an *injury* by purchasing USDT. All of the cases on which Plaintiffs rely involve consumer products or services that were worth less than what was advertised – *e.g.*, a portable battery charger with less capacity than the packaging represented or in-person Weight Watchers meetings that were moved online due to Covid-19. Those cases have no relevance to a stablecoin like USDT, which simply reflects the value the market ascribes to it (here, consistently $1).

Plaintiffs' argument regarding standing to seek prospective declaratory and injunctive relief fares no better, as it was expressly rejected by the Second Circuit's holding in *Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020), that past purchasers cannot rely on allegations that they "will continue to be deceived" by statements that they purportedly know to be false.

---

[1] Capitalized terms not defined herein have the same meaning as in the Memorandum of Law in Support of Defendants' Motion to Dismiss (Dkt. No. 30, "Mem.").

(Compl. ¶ 208.) Plaintiffs have no substantive response to *Berni* and continue to rely exclusively on decisions that predate it.

In addition to Plaintiffs' failure to plead injury, the Opposition confirms that each of Plaintiffs' claims should be dismissed on multiple independent grounds. Plaintiffs' breach of contract and unjust enrichment claims fail because Plaintiffs cannot point to any contract with Defendants, any purchases of USDT from Defendants or any payments to Defendants. Indeed, Plaintiffs allege no dealings with Defendants whatsoever. Plaintiffs' attempt to conjure a contract out of Defendants' public statements is wholly unsupported by authority and contravenes fundamental principles of contract law. Plaintiffs' GBL § 349 claim fails for several reasons, including Plaintiffs' failure to allege that they ever saw any of the alleged misrepresentations. Nor can Plaintiffs avoid that requirement by belatedly seeking to reframe their misrepresentation claim into an "omissions" claim.

The Court should dismiss the Complaint in its entirety, without leave to amend.

## ARGUMENT

I.  **PLAINTIFFS LACK ARTICLE III STANDING.**

    A.  **Plaintiffs Fail to Plead an Injury-in-Fact.**

In the Opposition, Plaintiffs are unable to point to any allegation of economic loss or other concrete injury stemming from a purchase of USDT. Plaintiffs do not dispute that, consistent with its purpose as a stablecoin pegged to the U.S. dollar, USDT has maintained a stable market price of $1. They do not allege that they sold their USDT at a loss or that they are unable to receive $1 for any USDT they still own. Although Plaintiffs devote much of the Opposition to alleged misstatements regarding reserves or audits, they do not allege that those

statements caused the market price of USDT to decline and therefore fail to plead any concrete injury.[2]

Plaintiffs' attempt to distinguish the recent decision in *Holsworth v. BProtocol Foundation*, 2021 WL 706549 (S.D.N.Y. Feb. 22, 2021), fails because, contrary to Plaintiffs' suggestion, Article III standing is a constitutional requirement and does not depend on the cause of action asserted. (Opp'n 6.) In *Holsworth*, the court held that the plaintiff failed to plead Article III standing because he did not allege a "diminution in value of the [cryptocurrency] coins he purchased." 2021 WL 706549, at *2. That holding makes perfect sense in light of the fact that a cryptocurrency token, like a security or commodity, has only the value the market ascribes to it. *See NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 (2d Cir. 2012) (holding that Article III standing requires plaintiff to plausibly allege "a diminution in the value of" the securities it purchased resulting from defendants' misleading statements); *Schuler v. NIVS Intellimedia Tech. Grp., Inc.*, 2013 WL 944777, at *7 (S.D.N.Y. Mar. 12, 2013) (holding that to plead injury-in-fact, plaintiff must allege that "the value of the security had declined") (quoting *Levine v. Atricure, Inc.*, 508 F. Supp. 2d 268, 276 (S.D.N.Y. 2007)); *In re AOL Time Warner Inc. Secs. & "ERISA" Litig.*, 381 F. Supp. 2d 192, 245-46 (S.D.N.Y. 2004) (holding that plaintiff failed to plead Article III standing where the purchased securities had "actually increased in value").

---

[2] Plaintiffs' assertion that the Court may not consider USDT's market price is incorrect as a matter of law. (Opp'n 5 n.3.) It is well established that the Court may take judicial notice of historical market prices on a motion to dismiss, and it may also consider extrinsic evidence to determine Article III standing. (Mem. 4 n.3.) *See also In re VimpelCom, Ltd.*, 2016 WL 5390902, at *3 (S.D.N.Y. Sept. 26, 2016) (taking judicial notice of stock prices) (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 170 n.8 (2d Cir. 2000)). The sole case cited by Plaintiffs, *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013), does not support their position because the "price chart" rejected by the court was a "52-week nationwide analysis of sales of Olive-Pomace Oil" conducted by a marketing company. *Id.* at *5; No. 13 Civ. 2311, Dkt. No. 11 at 17.

Unable to allege an economic loss or other concrete injury, Plaintiffs take the position that they need only allege that they would not have purchased USDT had they known of the alleged misrepresentations. (Opp'n 4-5.) That is incorrect: Article III standing requires an actual, concrete harm. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("No concrete harm, no standing.").

None of the cases Plaintiffs cite support their position because in each of them the plaintiff was left with a product or service that was worth less than what the defendant represented – *i.e.*, the plaintiff overpaid for the product or service because of the defendant's conduct. *See John v. Whole Foods Mkt. Grp.*, 858 F.3d 732, 734 (2d Cir. 2017) (plaintiff purchased pre-packaged food products from stores that overstated the weights of those products and overcharged customers as a result); *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 201-03 (W.D.N.Y. 2020) (plaintiff purchased a portable battery charger that had less capacity than the packaging represented); *Morrell v. WW Int'l, Inc.*, 551 F. Supp. 3d 173, 177, 181 (S.D.N.Y. 2021) (plaintiff charged for automatic renewal of subscription without consent); *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 526 (S.D.N.Y. 2018) (plaintiff purchased homeopathic remedy later declared unsafe by the FDA and recalled by manufacturer); *Quintanilla v. WW Int'l, Inc.*, 541 F. Supp. 3d 331, 340 (S.D.N.Y. 2021) (plaintiff paid for in-person Weight Watchers meetings that were cancelled or moved online due to Covid-19); *Morrow v. Ann Inc.*, 2017 WL 363001, at *1, 3 (S.D.N.Y. Jan. 24, 2017) (plaintiff purchased garments from outlet store that misrepresented the original retail price). Those cases have no bearing on this lawsuit because the purported misrepresentations regarding Tether's reserves and

audits are not alleged to have negatively impacted USDT's market price. USDT is intended to maintain a market price of $1, and it has done so.[3]

Nor is Plaintiffs' assertion that they would not have purchased USDT if they had known the truth about the supposed misrepresentations even plausible, given that they purchased USDT *after* Defendants' statements were allegedly revealed to be untrue. (Compl. ¶¶ 11, 15-16, 142.)

### B. Plaintiffs Lack Standing to Pursue Declaratory or Injunctive Relief.

Plaintiffs are also unable to demonstrate an "actual and imminent" threat of future injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Plaintiffs' assertion that they "will continue to be deceived" by statements they claim they know to be untrue (Compl. ¶ 208) defies common sense and was squarely rejected by the Second Circuit in *Berni v. Barilla S.p.A*, 964 F.3d 141 (2d Cir. 2020). (Mem. 8-9.)

In the Opposition, Plaintiffs rely entirely on *Wai Chu v. Samsung Elecs. Am., Inc.*, 2020 WL 1330662 (S.D.N.Y. Mar. 23, 2020), a pre-*Berni* decision that is no longer good law. (Opp'n 7-9.) Judge Woods, who decided *Wai Chu*, declined to rely on it in a subsequent opinion because it "was decided prior to *Berni*," which "controls the result." *Haft v. Haier US Appliance Sols., Inc.*, 2022 WL 62181, at *18 & n.19 (S.D.N.Y. Jan. 5, 2022); *see also Quintanilla*, 541 F. Supp. 3d at 341-42 (holding that plaintiff lacked standing to seek injunctive relief and noting that "courts have held, following *Berni*, that past purchasers generally lack standing to seek an injunction because it is unlikely that they. . . will suffer the same harm again"); *Turk v.*

---

[3] The chart of USDT's market price demonstrates that, aside from insignificant fluctuations, USDT has not departed from its intended price of $1. (Mem. 4.) Plaintiffs' reference to one recent price fluctuation, when USDT's market price briefly dropped by a few cents on May 12, 2022 before quickly returning to $1, has no bearing on their claims because they do not allege that it caused them any injury. (Opp'n 5 n.3.) To the contrary, USDT's resilience in the face of widespread volatility in the cryptocurrency markets undermines any suggestion that USDT is not acting as a stablecoin pegged to the U.S. dollar.

*Rubbermaid Inc.*, 2022 WL 836894, at *5-6 & n.1 (S.D.N.Y. Mar. 21, 2022) (holding that the Second Circuit in *Berni* "squarely foreclosed the possibility of injunctive relief for past purchasers" and threatening to impose sanctions on plaintiffs' counsel if he brought "another plainly frivolous claim for injunctive relief on behalf of a past purchaser").

II.   **PLAINTIFFS FAIL TO STATE A CLAIM.**

    A.   **Plaintiffs Fail to Plead Injury.**

Plaintiffs fail to state a claim because, as discussed above, they fail to plead an injury – an essential element of each of their claims. (Mem. 9.) Nowhere in the Opposition do Plaintiffs offer any explanation of how they were injured by purchasing a stablecoin that was intended to maintain a market price of $1 and has successfully done so. Plaintiffs do not allege whether they sold their USDT (and, if so, at what price) or whether they still own it. If Plaintiffs do still own their USDT and are dissatisfied with it for any reason, they have a simple solution: sell it for the same price they paid for it.

    B.   **Plaintiffs Fail to Plead an Express or Implied Contract with Defendants.**

Plaintiffs' response to their failure to allege a contract with Defendants borders on frivolous. (Mem. 9-11; Opp'n 9-15.) Plaintiffs allege no agreement with Defendants, no purchases of USDT from Defendants, no payments to Defendants, no communications with Defendants – no dealings with Defendants whatsoever. Plaintiffs' bizarre assertion that Defendants' public statements somehow created a contract with anyone who subsequently purchased USDT is unsupported by any authority and flies in the face of core principles of contract law.

"To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound," and "the parties' meeting of the minds must include agreement on all essential terms." *Ostojic v. Life*

*Med. Techs., Inc.*, 201 A.D.3d 522, 523 (1st Dep't 2022).  Plaintiffs allege *none* of these elements.  Defendants' public statements, even if construed as advertisements, do not constitute an offer.  *See McCabe v. ConAgra Foods, Inc.*, 681 F. App'x 82, 84 (2d Cir. 2017) ("The general rule in New York is that a promotion or advertisement is not an offer.").  And Plaintiffs' purchases of USDT from unidentified parties on third-party cryptocurrency exchanges do not constitute acceptance of any supposed offer from, or involve the payment of any consideration to, Defendants.  It makes no difference that Tether is the exclusive creator of USDT because, "in the absence of privity," Plaintiffs have no cause of action against Defendants "sounding in breach of contract."  *Jesmer v. Retail Magic, Inc.*, 55 A.D.3d 171, 173 (2d Dep't 2008).  The cases cited by Plaintiffs do not support their position, as those cases all involved situations in which the plaintiff alleged direct dealings with the defendant, including an agreement, performance and payment.  (Opp'n 11-12.)  The lack of any dealings with Defendants also dooms Plaintiffs' assertion that their relationship with Defendants is the "functional equivalent of privity."  (Opp'n 13-14.)  Privity is imputed to a third party only in extremely narrow circumstances, not present here.  (Mem. 10-11.)

Plaintiffs' suggestion, made for the first time in the Opposition, that they are bound by Tether's terms of service is unsupported by factual allegations in the Complaint.  (Opp'n 10.)  Those terms of service apply to individuals who open an account at Tether, not simply to any person who acquires USDT on a third-party cryptocurrency exchange.  Furthermore, those terms of service include important provisions that would require dismissal of this lawsuit on multiple independent grounds, including a mandatory arbitration provision, a limitation on class actions, limitations of liability and an express disclaimer of any representations, warranties or guarantees.  (Mem. 5 n.5.)

7

### C. Plaintiffs Do Not State a Claim for Unjust Enrichment.

As the leading New York Court of Appeals case makes clear, there can be no unjust enrichment claims where, as here, the parties "simply had no dealings with each other." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 517-18 (2012); *see also INV Accelerator, LLC v. MX Techs., Inc.*, 2020 WL 882902, at *3 (S.D.N.Y. Feb. 24, 2020) (citing *Georgia Malone* and dismissing unjust enrichment claim where plaintiff failed to allege any dealings with defendant); *Cohen v. BMW Invs. L.P.*, 144 F. Supp. 3d 492, 501 (S.D.N.Y. 2015), *aff'd*, 668 F. App'x 373, 374 (2d Cir. 2016) (same). Plaintiffs do not dispute that they acquired USDT from unidentified parties on third-party cryptocurrency exchanges, and there is no allegation that they paid any money to Defendants, much less that Defendants were unjustly enriched at Plaintiffs' expense. (Opp'n 15-18; Mem. 11-12.)

Plaintiffs' cited authority does not support an unjust enrichment claim in the absence of any dealings with Defendants. In *Myun-Uk Choi v. Tower Research Cap. LLC*, for example, the plaintiffs alleged to "a near statistical certainty" that the defendant "was a direct counterparty" to plaintiffs in transactions on an exchange. 890 F.3d 60, 69 (2d Cir. 2018); *see also In re Merrill, BofA, & Morgan Stanley Spoofing Litig.*, 2021 WL 827190, at *13 (S.D.N.Y. Mar. 4, 2021) ("As this language implies, direct trading was still required to state a claim for unjust enrichment.") (citing *Myun-Uk Choi*, 890 F.3d at 61). Here, by contrast, Plaintiffs allege no facts suggesting that Defendants engaged in *any* trading on the third-party exchanges on which Plaintiffs acquired USDT, much less facts plausibly suggesting that any of the Defendants was a transaction counterparty. (Opp'n 15-16.)

The court in *Myun-Uk Choi* also recognized that an unjust enrichment claim requires a benefit be "directly or indirectly conveyed" to the defendant, and Plaintiffs do not allege that their purchase of USDT from a third party conveyed a benefit to Defendants. 890 F.3d at 69; *see*

8

*also Cox v. Microsoft Corp.*, 8 A.D.3d 39, 40 (1st Dep't 2004) (allowing unjust enrichment claim by purchasers who "indirectly bestowed a benefit upon Microsoft"); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 472 (E.D.N.Y. 2013) (same, where purchases of products from retailers enriched defendant manufacturer).

### D. Plaintiffs Fail to State a Claim Under GBL § 349.[4]

#### 1. Plaintiffs Fail to Plead Injury.

In connection with their GBL § 349 claim, Plaintiffs rely on the "flawed 'deception as injury' theory" – *i.e.*, injury from the mere purchase of USDT – that the New York Court of Appeals rejected in *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). (Opp'n 19-20.) Instead, Plaintiffs must allege "they were 'actually harmed' or suffered pecuniary injury by reason of any alleged deception within the meaning of the statute." *Small*, 94 N.Y.2d at 56. Again, Plaintiffs rely on inapposite cases in which the plaintiffs were left with a product worth less than what the defendant represented. (Opp'n 21-22.) Here, Plaintiffs acquired a stablecoin that has maintained its market value of $1.

#### 2. Plaintiffs Fail to Plead Causation.

Plaintiffs do not dispute that they fail to allege they "saw the allegedly deceptive representations that purportedly harmed them." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 172 A.D.3d 405, 406 (1st Dep't 2019). (Mem. 12-13; Opp'n 21-22.) That is fatal to their claim under GBL § 349. To the extent Plaintiffs claim that a misrepresentation was apparent from the "face of the product" because USDT is a referred

---

[4] Plaintiff Dolifka has abandoned his GBL § 349 claim by failing to respond to Defendants' argument that he alleged no nexus with New York. (Mem. 14-15.) *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (holding that a court may "infer from a party's partial opposition that relevant claims . . . that are not defended have been abandoned").

9

to as a "stablecoin," that representation was accurate because USDT's market price has, in fact, remained stable at $1. (Opp'n 21.)

Plaintiffs' belated attempt to reframe their claims as based on "omissions" is contrary to their Complaint, which challenges numerous alleged affirmative misrepresentations, including alleged representations by Defendants "on their website, blog posts, court filings, social media accounts, and elsewhere that Tether tokens are backed one-to-one by sufficient reserves in U.S. dollars." (Compl. ¶ 3; *see also id.* ¶¶ 76-80, 87, 94, 103; Opp'n 22.) The only references to "omissions" in the Complaint are simply the inverse of these alleged affirmative misrepresentations – that Defendants allegedly omitted the truth by making untrue statements. (Compl. ¶ 160.) *See Schwab v. E*Trade Fin. Corp.*, 285 F. Supp. 3d 745, 753 (S.D.N.Y.), *aff'd*, 752 F. App'x 56 (2d Cir. 2018) (rejecting plaintiff's argument that defendant omitted "to reveal the falsity" of its statements as "simply the flip side of those positive statements").

### 3. Plaintiffs Fail to Allege a Timely Purchase of USDT.

All of Plaintiffs' alleged purchases of USDT fall outside the 3-year limitations period or occurred after Plaintiffs claim the alleged statements were revealed to be untrue. (Mem. 13-14; Opp'n 23-25.) Plaintiffs' purchases of USDT prior to December 2018 are time-barred and, because Plaintiffs do not identify an "act of deception" that is "separate from the ones for which they sue," equitable tolling or estoppel is not justified. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789 (2012). Nor do Plaintiffs offer any explanation why they can pursue claims for purchases made after they claim the alleged statements were revealed to be untrue in February 2021. (Compl. ¶ 142.)

### CONCLUSION

For the reasons set forth herein, the Court should dismiss the Complaint without leave to amend.

| | |
|---|---|
| Dated: New York, New York<br>June 2, 2022 | DEBEVOISE & PLIMPTON LLP<br><br>/s/ *Maeve L. O'Connor*<br><br>Maeve L. O'Connor<br>Elliot Greenfield<br>Melanie Burke<br>919 Third Avenue<br>New York, New York 10022<br>(212) 909-6000<br>*mloconnor@debevoise.com*<br>*egreenfield@debevoise.com*<br>*mburke@debevoise.com*<br><br>Michael Jason Lee (*pro hac vice*)<br>LAW OFFICES OF MICHAEL JASON LEE, APLC<br>4660 La Jolla Village Drive, Suite 100<br>San Diego, California 92122<br>(858) 550-9984<br>*michael@mjllaw.com*<br><br>*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., BFXNA Inc. and BFXWW Inc.* |

11