UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW ANDERSON, and SHAWN DOLIFKA, individually and on behalf of all other persons similarly situated,

                Plaintiffs,

-against-

TETHER HOLDINGS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, TETHER OPERATIONS LIMITED, IFINEX INC., BFXNA INC., and BFXWW INC.,

                Defendants.

21-CV-10613-LTS

---

<u>MEMORANDUM ORDER</u>

Matthew Anderson and Shawn Dolifka ("Plaintiffs") bring this proposed class action against Tether Holdings Limited, Tether International Limited, and Tether Operations Limited, (collectively, "Tether"), as well as IFINEX Incorporated, BFXNA Incorporated, and BFXWW Incorporated, (collectively, "Bitfinex") asserting claims for violations of the New York Uniform Deceptive Trade Practices Act (N.Y. Gen Bus. Law § 349 <u>et</u> <u>seq</u>.), the Nevada Deceptive Trade Practice Act (Nev. Rev. Stat. §41.600), breach of contract, breach of implied contract, unjust enrichment, and declaratory and injunctive relief under 28 USC section 2201. Defendants move to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Docket entry no. 30 ("Defs. Mem.").)

Plaintiffs assert that the Court has subject matter jurisdiction of this action on the basis of diversity of citizenship, under 28 U.S.C. section 1332(a), and under the Class Action Fairness Act, 28 U.S.C. section 1332(d).  (Docket entry no. 1 ("Compl.") ¶¶ 53-54.)

The Court has considered the parties' submissions carefully and, for the following reasons, grants the Defendants' motion to dismiss the Complaint in its entirety. Plaintiffs are granted leave to move to replead within 21 days of the entry of this Memorandum Order.

### BACKGROUND

Unless otherwise indicated, the following allegations are taken from the Complaint and are presumed true for the purposes of this motion. Tether makes and sells cryptocurrency coins known as "Tether tokens" ("USDT"). (Compl. ¶¶ 19-23.) USDT are a type of crypto-asset referred to as a "stable coin" and are intended to be pegged to the value of a specific fiat currency – in this case, the U.S. dollar. (Compl. ¶ 64.) Each USDT is intended to be worth one dollar. (Id.) Tether began selling Tether tokens sometime on or prior to January 1, 2015. (Compl. ¶ 23.) By the time of the Complaint, there were more than 69 billion USDT in circulation. (Compl. ¶ 133.) "Bitfinex" is made up of three related corporations, who operate the Bitfinex cryptocurrency platform where consumers can trade various crypto-assets, including Tether tokens. (Compl. ¶¶ 32-38.) Plaintiffs Anderson and Dolifka are consumers who purchased USDT between 2017 and October 24, 2021, and bring this proposed class action on behalf of all consumers who have purchased USDT since 2014. (Compl. ¶¶ 9-16.)

From the time it began operations, Tether continually represented that it maintained a store of cash reserves to back every USDT in circulation, at a 1-to-1 ratio. (Compl. ¶¶ 76-80.) Tether also repeatedly, and publicly, promised to undergo professional financial audits to demonstrate that it maintained reserves equal to 100% of the USDT in circulation. (Compl. ¶¶ 76, 86, 87.) These representations were made via Tether's verified corporate Twitter account and directly on Tether's website. (Compl. ¶¶ 71, 77, 94.) Despite these representations, Tether

had cash reserves totaling a dollar amount far less than 100% of the number of USDT in circulation.  (Compl. ¶¶ 5-6.)  In an October 2021 settlement report, the Commodity Futures Trading Commission ("CFTC") concluded that from at least June 1, 2016, to February 25, 2019, "Tether failed to maintain fiat currency reserves in accounts in Tether's own name or in an account titled and held in trust for Tether to back every Tether token in circulation."  (Compl. ¶ 121.)  On March 31, 2021, Tether released a mandated financial disclosure that represented it had cash reserves totaling 3.87% of the value of the USDT in circulation, with the rest of Tether's reserves comprised of large proportions of commercial paper holdings, "corporate bonds, funds and precious metals," and "secured loans."  (Compl. ¶¶ 128-131.)  Plaintiffs further allege that Tether's most recent representations are still not credible, and that Tether continues to misrepresent the size and composition of its financial reserves to consumers.  (Compl. ¶¶ 132-135.)  Additionally, Tether has yet to undergo a single professional financial audit.  (Compl. ¶ 139.)

## DISCUSSION

An action must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it.  Fed. R. Civ. P. 12(b)(1); see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The party asserting subject matter jurisdiction has the burden of establishing by a preponderance of the evidence that jurisdiction exists.  See Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  When determining a motion to dismiss for a lack of subject matter jurisdiction, the Court must accept all factual allegations plead in the Complaint as true, Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006), but the Court may also consider relevant materials beyond the

pleadings.  Makarova, 201 F.3d at 113.  Plaintiffs must show jurisdiction affirmatively; the Court will not draw argumentative inferences in their favor.  APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

Article III of the Constitution of the United States restricts the jurisdiction of federal courts to actual cases or controversies.  See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  To demonstrate constitutional standing, a plaintiff must establish: (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of; and (3) redressability of the injury by a "favorable decision."  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).

Plaintiffs have failed to plead sufficient facts to demonstrate that they have suffered an injury in fact.  To demonstrate injury, Plaintiffs must allege facts showing that they have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  Spokeo, 578 U.S. at 339 (quoting Lujan, 504 U.S. at 560).  Plaintiffs do not allege the price they paid for their USDT, whether and at what price they sold their USDT, or any corresponding loss in value that allegedly occurred as a result of the Defendants' alleged misrepresentations.  See Holsworth v. BProtocol Found., No. 20-CV-2810-AKH, 2021 WL 706549, at *2 (S.D.N.Y. Feb. 22, 2021) (finding no injury to sustain Art. III standing where the plaintiff failed to plead any facts showing a "diminution in value" of the digital coins purchased).  In fact, publicly available information of which the Court can take judicial notice indicates that, if Plaintiffs sold their USDT today, they could still receive the "pegged" price:  $1.00.[1]  If they are dissatisfied with the Defendants' alleged

---

[1] See FORBES, "Forbes Digital Assets:  Tether" (Aug. 2, 2023), https://www.forbes.com/digital-assets/assets/tether-usdt/ [https://perma.cc/X5SZ-HJKA]; YAHOO FINANCE, "Tether USDt" (Aug. 2, 2023), https://finance.yahoo.com/quote/USDT-USD/ [https://perma.cc/89L8-4H9Y].

misrepresentations, Plaintiffs have the option to sell their USDT for its represented value. Plaintiffs have alleged no facts showing that they are incapable of recouping their investment in USDT or that their tokens are somehow less valuable despite their consistent market valuation.

Instead, Plaintiffs assert they suffered a cognizable injury because they would not have bought USDT at the same price had they known Tether's representations were false. (Compl. ¶ 166; see also docket entry no. 31 ("Pls. Mem.") at 4-5.)  Plaintiffs' argument relies on the proposition that "overpaying for a product results in a financial loss constituting a particularized and concrete injury in fact."  John v. Whole Foods Mkt. Grp., Inc. 858 F.3d 732, 736 (2d Cir. 2017).  Plaintiffs' argument errs because it relies on a series of disanalogous cases involving consumer goods wherein customers were deprived of some value of the product.  See id. at 736 (finding a concrete injury where plaintiff alleged that the defendant "systematically" overstated the weight of pre-packaged products, resulting in consumers overpaying for a lesser product); Mancuso v. RFA Brands, LLC, 454 F. Supp. 3d 197, 203 (W.D.N.Y. 2020) (finding a concrete injury where a consumer product (a power bank) underperformed its advertised capacity); O'Neill v. Standard Homeopathic Co., 346 F. Supp. 3d 511, 525 (S.D.N.Y. 2018) (finding a concrete economic injury where homeopathic infant medicine was alleged to be unsafe to consume).  Here, Plaintiffs have not plead any facts showing that their USDT had a diminished actual value at all.  It is insufficient for Plaintiffs to allege that they "spent money that, absent defendant's actions, they would not have spent," without pleading facts to show that the Defendants' misrepresentations deprived them of any value.  Mancuso, 454 F. Supp. 3d at 203 (internal citation omitted).

In the absence of plausible allegations of injury, Plaintiffs lack standing and their Complaint must be dismissed.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is granted in its entirety.  Plaintiffs may, however, file a motion for leave to file an Amended Complaint that is compliant with the requirements of constitutional standing discussed above.[2]  Any such motion must comply with the applicable federal, local, and individual rules of motion practice and must include Plaintiffs' proposed Amended Complaint, as well as a redline comparing that pleading to Plaintiffs' original Complaint.  Should Plaintiffs fail to file a motion for leave to amend within 21 days of the entry of this Memorandum Order, Plaintiffs' claims will be dismissed for lack of subject matter jurisdiction, without further advance notice.  This Memorandum Order resolves Docket Entry no. 29.

SO ORDERED.

Dated: New York, New York
August 4, 2023

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[2]   "[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice[.]"  Carter v. HealthPort Tech., LLC, 822 F.3d 47, 54 (2d Cir. 2016).