UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ANDERSON, and SHAWN DOLIFKA, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>TETHER HOLDINGS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, TETHER OPERATIONS LIMITED, IFINEX INC., BFXNA INC., and BFXWW INC.,<br><br>       Defendants. | No. 21 Civ. 10613 (LTS) |

**MEMORANDUM OF LAW IN OPPOSITION TO<br>PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Michael Jason Lee (*pro hac vice*)
LAW OFFICES OF MICHAEL
JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
(858) 550-9984

Maeve L. O'Connor
Elliot Greenfield
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., BFXNA Inc. and BFXWW Inc.*

Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., BFXNA Inc. and BFXWW Inc. (collectively, "Defendants"), respectfully submit this memorandum of law in opposition to the motion for leave to amend ("Motion to Amend") filed by Plaintiff Shawn Dolifka.[1]

## ARGUMENT

Plaintiff's Motion to Amend borders on frivolous and should be denied. The handful of new allegations in Plaintiff's proposed amended complaint ("Proposed AC") do absolutely nothing to remedy the deficiencies identified by the Court in its Order dismissing the Complaint for lack of Article III standing. (Dkt. No. 37, "Order.") In that Order, the Court correctly held that Plaintiff's complaint lacked any "plausible allegations of injury" because it included no facts showing that "their USDT had a diminished actual value at all." (Order 5.) In the Proposed AC, Plaintiff again makes no attempt to plead a diminution in value of USDT, and Plaintiff's Motion to Amend merely repeats the same faulty arguments that the Court already rejected.

Although Rule 15(a) provides that the Court should give leave to amend a pleading "when justice so requires," it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019), and leave to amend is properly denied where, as here, the "proposed amendments would fail to cure prior deficiencies." *Rukoro v. Fed. Rep. of Germany*, 976 F.3d 218, 227-28 (2d Cir. 2020) (affirming denial of leave to amend); *see also Treiber v. Aspen Dental Mgmt., Inc.*, 635 Fed. App'x 1, 4 (2d Cir. 2016) (affirming denial of leave to amend where plaintiffs "failed to show how amendment could have demonstrated a cognizable injury sufficient to support Article III standing"); *O'Shea v. P.C. Richard & Son, LLC*, 2017 WL 3327602, at *8 (S.D.N.Y. Aug. 3,

---

[1] The other named plaintiff, Matthew Anderson, does not join the Motion to Amend.

2017) (denying motion to amend where the "proposed amendments would be insufficient to confer Article III standing" and therefore "futile").

Nothing in the Proposed AC addresses the Court's holding that Plaintiff failed to plead an injury sufficient to confer Article III standing. (Order 4.) Plaintiff paid $1 for a stablecoin that was intended to maintain a stable market price of $1 and that has, in fact, done so. (*Id.*) In the absence of a diminution in value, Plaintiff has no injury and lacks Article III standing. (*Id.* (citing *Holsworth v. BProtocol Foundation*, 2021 WL 706549, at *2 (S.D.N.Y. Feb. 22, 2021)).) To this day, if Plaintiff is dissatisfied with his acquisition of USDT, he "ha[s] the option to sell [his] USDT for its represented value." (*Id.* 4-5.) As the Court correctly held, Plaintiff failed to "plead any facts showing that their USDT had a diminished actual value at all," and it is insufficient merely to allege that he would not have purchased USDT "without pleading facts to show that the Defendants' misrepresentations deprived them of any value." (*Id.* 5.)

Plaintiff's Motion to Amend reads more like a motion for reconsideration, as Plaintiff merely repeats his argument – already rejected by the Court – that he was injured by "overpaying" for USDT and would not have purchased USDT had he known of the alleged misrepresentations. (Dkt. No. 39, Mot. 2; Dkt. No. 31, MTD Opp'n 4.) As Plaintiff acknowledges, the Court held that it was not sufficient for Plaintiff to allege that he "would not have purchased, or would have paid significantly less" for USDT had he known of the alleged misrepresentations. (Mot. 5.) Plaintiff's only response to this holding is wordplay, rephrasing "would have paid less" to "overpaid." (*Id.*) That is a distinction without a difference. And, as in his opposition to Defendants' motion to dismiss, Plaintiff continues to rely entirely on the same "series of disanalogous cases involving consumer goods wherein customers were deprived of some value of the product." (Order 5; *see also* Mot. 6-8; Dkt. No. 33, MTD Reply 4-5.)

As Plaintiff's redline demonstrates, the meager new allegations in the Proposed AC do not address the Court's decision.  *First*, Plaintiff alleges various positive attributes of USDT, such as stability and security, and notes that some other (non-stablecoin) cryptocurrencies have lower per-token prices.  (Proposed AC ¶¶ 62-65.)  Those allegations do not suggest any injury stemming from Plaintiff's purchase of USDT.  *Second*, as he did in opposition to Defendants' motion to dismiss, Plaintiff again calls attention to various insignificant price fluctuations of USDT, generally a few tenths or hundredths of a cent above or below its $1 peg.  (Proposed AC ¶¶ 140-45; MTD Opp'n 5 n.3.)  As in the prior pleading, there is no allegation that Plaintiff was harmed by those tiny fluctuations.  (MTD Reply 5 n.3.)  Notably, Plaintiff repeatedly misreads his own price chart and misstates the historical price data from the website he cites.[2]

Nor does the Proposed AC allow Plaintiff to plead standing based on potential future injury.  (Mot. 9-11.)  Mere speculation that USDT might experience a diminution in value at some point in the future is "conjectural or hypothetical" and does not suffice to demonstrate an "actual and imminent" threat of future injury.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  Plaintiff alleges no facts in the Proposed AC indicating that a future decline in value of USDT is likely, much less "actual and imminent."  *Id.*  To the contrary, USDT's continued resilience in the face of widespread volatility in the cryptocurrency markets demonstrates its stability.  And, again, if Plaintiff is concerned about a potential future decline in the price of USDT, he can sell any USDT he still owns for $1.  (Order 4-5.)

---

[2] For example, Plaintiff incorrectly alleges that (*i*) USDT's price on May 7, 2022 was "$0.99" when the website Plaintiff cites states that the price that day ranged from a high of $1.0000 to a low of $0.9998 and closed at $0.9999, (*ii*) USDT dropped to "$0.99" on multiple occasions during June and July 2022 when it never touched that price during that time period, (*iii*) USDT dropped to "$0.99" on October 10, 2022, when the price actually ranged from $1.0002 to $0.9999 and closed at $1.0000 that day, and (*iv*) USDT fell to "$0.98" on August 24, 2023 when the low price that day was $0.9993.  (Proposed AC ¶¶ 141-43 (citing CoinMarketCap, https://coinmarketcap.com/currencies/tether/historical-data/).)

Additionally, although the Court did not need to reach these issues in its Order, all of Plaintiff's claims are also subject to dismissal for failure to state a claim under Rule 12(b)(6). (Dkt. No. 30, MTD 9-15; MTD Opp'n 9-25; MTD Reply 6-10.)  Nothing in the Proposed AC remedies any of those deficiencies.

## **CONCLUSION**

For the reasons set forth herein, the Court should deny Plaintiff's Motion to Amend.

Dated:  New York, New York
    August 29, 2023

DEBEVOISE & PLIMPTON LLP

/s/ *Elliot Greenfield*

Maeve L. O'Connor
Elliot Greenfield
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
*moconnor@debevoise.com*
*egreenfield@debevoise.com*

Michael Jason Lee (*pro hac vice*)
LAW OFFICES OF MICHAEL JASON LEE, APLC
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
(858) 550-9984
*michael@mjllaw.com*

*Attorneys for Defendants Tether Holdings Limited, Tether Limited, Tether International Limited, Tether Operations Limited, iFinex Inc., BFXNA Inc. and BFXWW Inc.*

4