UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW ANDERSON, and SHAWN DOLIFKA, individually and on behalf of all other persons similarly situated,

                      Plaintiff,

-against-

TETHER HOLDINGS LIMITED, TETHER LIMITED, TETHER INTERNATIONAL LIMITED, TETHER OPERATIONS LIMITED, IFINEX INC., BFXNA INC., and BFXWW INC.,

                      Defendants

21-CV-10613-LTS

---

**MEMORANDUM ORDER**

On August 4, 2023, this Court issued a Memorandum Order ("August Order"), granting the Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction. (Docket entry no. 37.)  The Court granted Plaintiffs leave to make a motion to amend their complaint within 21 days.  (Id.)  Plaintiff Dolifka now moves, alone, for leave to amend the Complaint.  (Docket entry no. 38.)  Defendants have filed a memorandum in opposition to the motion.  (Docket entry no. 42.)  The Court has considered the submissions of the parties carefully and, for the following reasons, Plaintiff's motion for leave to amend is denied.

DISCUSSION

The factual allegations underlying this case are set forth in the August Order, familiarity with which is presumed.  See Anderson v. Tether Holdings Ltd., 2023 WL 5001074 (S.D.N.Y. 2023).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires.  Fed. R. Civ. P. 15(a).  While granting or

denying such leave is within the discretion of the district court, see <u>Reisner v. General Motors Corp.</u>, 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), leave to amend generally will be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile.  See <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Defendants argue that Plaintiff Dolifika's motion should be denied because the proposed amendment would be futile.  "An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion, such as a Rule 12(b)(1) motion for lack of subject matter jurisdiction[.]"  <u>Oppedisano v. Zur</u>, No. 20-cv-5395, 2022 WL 4134436, at *2 (S.D.N.Y. Sept. 12, 2022) (citing <u>Bandler v. Town of Woodstock</u>, 832 F. App'x 733, 735-36 (2d Cir. 2020)).

In the August Order, this Court dismissed the complaint because Plaintiffs failed to plead facts sufficient to show that they had suffered a concrete injury to sustain Article III standing.  (Docket entry no. 38.)  Plaintiff Dolifka has now proposed a new complaint pleading additional facts which still fail to rectify the underlying defect of the first complaint.  Plaintiff now alleges that he paid approximately $1.00 for his USDT, which is the "pegged" price that Tether has maintained to this day.  (Docket entry no. 40-2 ("Proposed AC") ¶ 12.)  Dolifka does not allege that he has sold his USDT at a loss, or that he cannot sell his USDT for the "pegged" price.  Rather, Dolifka alleges additional facts in an attempt to relitigate the argument that Plaintiffs paid more for their USDT than they otherwise would have because of the Defendants' misrepresentations.  (Proposed AC ¶¶ 61-65.)  This argument was already rejected in the August Order; it is insufficient for Plaintiffs to allege that they overpaid for Tether without alleging any diminution in the value of their USDT.  Despite Plaintiff's additional allegations regarding

Tether's minor price fluctuations,[1] he has not plead any additional facts showing that these price fluctuations caused him any economic loss, or that the exposure to the risk of Tether's alleged instability caused him any concrete harm. (Proposed AC ¶¶ 140-145.)

Nor is it legitimate for Plaintiff to argue standing based on the vague possibility of future losses due to Tether's alleged instability. The "mere risk of future harm, without more" cannot demonstrate Article III standing in a suit for damages. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2211 (2021). While future injury can sustain an action for injunctive relief, the future harm must be "actual or imminent, not conjectural or hypothetical." Spokeo v. Robinson, 136. S. Ct. 1540, 15448 (2016). Plaintiff has fallen well short of showing that a downturn in the price of Tether as a result of the Defendants' alleged misconduct is "actual or imminent."

## CONCLUSION

For the foregoing reasons, Plaintiffs motion for leave to amend the complaint is denied. This Memorandum Order resolves Docket Entry no. 38. The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: New York, New York
       September 11, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[1] The Court also notes that, despite Plaintiff's allegations that Tether dropped to $.99 and $.98 in several instances, the price movements depicted in Plaintiff's amended complaint show that USDT only fluctuated by a few tenths of a cent during much of the relevant time period. (See Proposed AC Fig. 12.)